## EAGLE *v.* FENCING DISTRICT No. 2.

### Opinion delivered July 12, 1909.

1. APPEAL AND ERROR—SUFFICIENCY OF ABSTRACT.—The question whether a fencing district was legally formed will not be considered on appeal if appellant's abstract fails to set out the proceedings under which the district was formed. (Page 381.)

2. FENCES—REGULARITY OF ASSESSMENT—PRESUMPTION.—A complaint which seeks to collect an assessment of a fencing district which alleges that the assessment was levied by the board of commissioners and approved by the county court is not defective in failing to allege that the county court made the assessment, as it will be presumed, in the absence of a contrary showing, that the assessment was regularly made. (Page 381.)

3. SAME—VALIDITY OF ASSESSMENT.—Where the commissioners of a fencing district advance their own funds for material to build the fence, although the fence was never completed for want of sufficient funds, the district is liable to reimburse them for the money paid out in constructing the fence. (Page 382.)

4. SAME—ALLOWANCE OF ATTORNEY'S FEE.—Under Kirby's Digest, § 5695, providing that in case of improvement districts in cities and towns an attorney's fee shall be allowed in a suit to enforce the lien of an assesment, and § 1399, providing that suits to enforce the collection of assessments in fencing districts "shall proceed in the same man-

ner as now provided by law in cases of suits for the collection of assessments for local improvements in cities of the first class," etc., *held*·that it was error to allow an attorney's fee in a suit to enforce the assessment in a fencing district. (Page 382.)

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed with modification.

*T. C. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellants.

1. The levy or assessment was void, being made by the board of commissioners. Only the county court is empowered to levy or assess this tax. Kirby's Dig., § 1388.

2. The commissioners were without power to bind the district by borrowing money. The law relating to fencing districts does not ·either directly or indirectly authorize them to do so. Kirby's Dig., § § 1373-1407. Hence they could not on their personal responsibility borrow money and bind the district, even though it was used in building a·fence. Only such powers as are expressly granted by the law or necessarily implied can be exercised by the commissioners. 58 Ark. 270; 23 Pick. 74; 1 Dillon, Mun. Corp. § 463; 7 O. 411; 46 Mich. 565; 59 Ark. 344; 61 Ark. 74; 67 Ark. 413; 79 Ark. 229. The contract of the officers being unauthorized, the doctrine of estoppel can not apply against the tax payers. 1 Beach, Mun. Corp. § 248 *et seq.;* 110 U. S. 608, 629, notes 1, 2, 3; 59 Ark. 344; 59 Cal. 233. Nor can there be a recovery on a *quautum meruit.* 44 N. W. 1002; 14 S. W. 332; 3 So. 31; 11 La. Ann. 59; 1 Beach, Pub. ·Corporations § § 628, 690, note 1; 2 *Id.* § § 862, 1327. The doctrine of subrogation will not apply in favor of the commissioners. They are mere volunteers. 25 Ark. 129; 39 Ark. 531; 50 Ark. 108; 47 Ark. 11; 44 Pac. 295; Beach. Mod. Eq. Jur. § 801; 27 S. W. 40.

3. The allowance of the attorney's fee was without authority of law.

*J. H. Carmichael* and *James B. Gray,* for appellee.

1. The case should be affirmed for failure of appellants to file a sufficient abstract of the pleadings, evidence and findings of the chancellor to enable this court to understand the questions presented for decision. 80 Ark. 259; 86 Ark. 369; 87 Ark. 206; 87 Ark. 202; 89 Ark. 41.

2. On the merits, the burden was upon appellants, yet they have failed to prove that the district was not properly organized, or that the money spent by the commissioners did not go into the purchase and construction of the fence; but the evidence does show that the money was used for the beenfit of the district. On these questions of fact the court's findings will not be disturbed. 85 Ark. 83; 71 Ark. 605; 78 Ark. 420.

3. The law governing improvement districts in cities of the first class applies to fencing districts. Kirby's Dig. § § 1397, 1398, 1399, 5695. No suit was brought (nor is it alleged) within the time prescribed by statute to test the validity of the assessments. Kirby's Dig. § 1393. The issues raised in this case as to irregularities in formation of the district, etc., have been passed on by this court contrary to appellant's contentions. 71 Ark. 17.

4. The allowance and taxation was proper. Kirby's Dig. § 5699; 65 Ark. 343, 352. On the question of penalty, see 80 Ark. 462.

5. If the commissioners levied the assessment, it was duly approved by the county court.

6. The district has received the full benefit of the money borrowed, and appellants can not be heard to say that it was never legally organized, nor that the commissioners were without authority to borrow. 185 U. S. 2, 46 L. Ed. 777. And 79 Ark. 229 does not hold that the district has no right to borrow money.. See page 233.

HART, J. On October 27, 1906, Fencing District No. 2 of Lonoke County, Arkansas, filed separate complaints against R. E. L. Eagle and twenty-six others in the Lonoke Chancery Court. All of the complaints were in the same form, and were proceedings in equity under the statute to have the lands of the defendants sold for the payment of taxes assessed against them for Fencing District No. 2 of Lonoke County. The suits were consolidated, and the defendants filed their answer, in which they denied that the district had been legally formed. They denied that the commissioners had ever been appointed or qualified. Further answering, they aver that, at the time the assessments which the suits were brought to enforce were made, the said fencing district had ceased to exist, and that it owed no debts.

Upon the final hearing of the cause, the chancellor found in favor of the plaintiffs. An attorney's fee of $250 was allowed plaintiff's solicitors, and the same was ordered to be prorated among all the defendants and be charged against their land, respectively. A decree was entered, in which the amount of tax, penalty and cost against each tract of land was declared to be a lien on it, and, in default of payment thereof by the owner of the land within the time specified, the lands were ordered sold for the payment thereof. The defendants have appealed.

The proceedings under which the fencing district was established are not set out in defendants' abstract, and we have no means of ascertaining whether or not the record shows that the district was legally formed except by exploring the transcript, which, under a familiar rule of practice, we are not required to do. Hence the objections that the district was not legally formed, and that the commissioners were never appointed, may be considered as waived or abandoned.

Counsel for defendants insist that the levy or assessment was void because it was made by the board of commissioners, and not by the county court, as provided by section 1388 of Kirby's Digest. To sustain their contention, they rely upon the following language in the complaint: "That the third assessment of five mills on the dollar was levied on the lands hereinafter mentioned by the said board of commissioners and approved by the county court," etc. The answer denied this allegation. This allegation in the complaint was unnecessary. Section 1397 of Kirby's Digest provides that, in the complaint in such cases, it shall not be necessary to state more than the fact of the assessment and the non-payment thereof in the time required by law, without any other further statement of any step required to be taken by the court, or the board. The plaintiff meant to allege that the board of commissioners ascertained the cost of fencing and reported the same to the county court, and that the court assessed said cost. See Kirby's Digest, § 1388. In any event, as was said in the case of *Board of Improvement Dist.* v. *Offenhauser*, 84 Ark. 262: "The court has held in levee district and drainage district cases that regularity of the proceedings in forming the districts will be presumed, in the absence of evidence to the contrary." (Citing cases.) Here the record does not

show that any evidence on that question was introduced, and the presumption is in favor of the assessment.

Counsel for defendants also contend that "the commissioners could not borrow money on their personal responsibility and bind the district for it." We do not think this question is presented by the record.

The fencing district in question was organized in the fall of 1902. The board of commissioners were appointed, and began the work of erecting the fence. Twenty-three miles were contemplated, and the wire for it was purchased. The district did not have any money, and the members of the board on their individual responsibility borrowed $6,000 and used it in constructing the fence. The Legislature at its 1903 session passed an act making a four-wire fence lawful in that part of Lonoke County which was south of the Choctaw railroad, and this included the territory embraced in Fencing District No. 2. The act went into effect April 25, 1903. Because of the passage of this act, many of the landowners in the fencing district wished to abolish it. On account of this, and because the district did not have the money with which to do so, the fence has never been completed as originally planned, and that part of the fence which was built has not been kept up. The object of the collection of the assessment sued on is to reimburse the commissioners for the money which they had paid out for the purpose of constructing the fence. It is not a suit by the holders of the note against the district for money alleged to have been borrowed by it. True, the money used in constructing the fence was borrowed by the commissioners. But it was borrowed by them on their individual account, and as the matter now stands the commissioners built the fence and paid the cost thereof out of their own funds. In short, the taxes collected will be applied to the actual cost of erecting the fence.

It was the duty of the board to erect the fence, and the district was liable for the cost of it. *Altheimer* v. *Board, etc., Plum Bayou Levee Dist.,* 79 Ark. 232. The district is liable for the actual cost of constructing the fence, and it was proper to levy the assessments, which are the foundation of this action, for the purpose of paying for it.

Counsel for defendants also urge that the court erred in making the allowance of $250 to the solicitors for the plaintiff.

In this they are correct. In the case of improvement districts in cities and towns, an attorney's fee is expressly allowed by statute. Kirby's Digest, § 5695. In the case of fencing districts, the statute provides that suits to enforce the collection of assessments shall proceed in the same manner as is provided by law in cases of suits for the collection of assessments for local improvement; but this does not give the right to tax an attorney's fee. It has reference only to the mode of procedure. Kirby's Digest, § 1399. The allowance of the attorney's fee of $250 was error, and to that extent the decree is modified; otherwise it will stand affirmed.